# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                          Case No. 08-10136
                                                                Chapter 13
SHEMOAKA M. CARTER
DERRICK M. CARTER,

    Debtors.


In re:                                                          Case No. 08-10512
                                                                Chapter 13
CHRISTOPHER LYNN

    Debtor.

## MEMORANDUM OPINION

The debtors in both of these chapter 13 cases have objected to the proofs of claim filed by the State of Alabama Department of Human Resources, Child Support Enforcement Division (hereinafter "DHR"). Both cases present an identical legal issue–whether a claim for reimbursement of genetic (paternity) testing costs is entitled to priority status under 11 U.S.C. § 507(a)(1)(B). For the following reasons, the court concludes that such claims are allowable priority claims, and the debtors' objections to the claims must be overruled.

### Jurisdiction

This court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district which referred title 11 matters to the Bankruptcy Court. Further, because the issue here concerns the allowance of a claim against the estate, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

### Facts

The relevant facts are uncontested and may be briefly summarized.

The Carter Case

The Carters filed their chapter 13 petition for relief on January 31, 2008. On April 9, 2008, DHR filed a timely claim for $300 which represented a fee for genetic (paternity) testing of Mr. Carter. DHR designated the claim as one entitled to priority, unsecured status under § 507(a)(1)(B).

The Lynn Case

Lynn filed his chapter 13 petition for relief on April 10, 2008. On May 9, 2008, DHR filed a timely claim for $915. Of that total claim, $600 represents prepetition support arrearage for two months, $300 is for genetic (paternity) testing costs, and $15 is for interest. DHR designated the genetic testing costs component of the claim as one entitled to priority, unsecured status under § 507(a)(1)(B).

Law

Again, the sole issue presented here is whether claims for reimbursement of genetic (paternity) testing costs enjoy priority, unsecured status under § 507(a)(1)(B). The debtors contend that they do not because these claims are not in the nature of alimony, maintenance, or support.

The bankruptcy law confers priority status to certain unsecured claims over other general, unsecured claims. *See* 11 U.S.C. §507. At the very top of the priority list are claims for domestic support obligations.[1]

---

[1] The statute provides:
(a) The following expenses and claims have priority in the following order
   (1) First:
      (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.
      (B) Subject to claims under subparagraph (A), allowed unsecured claims for

The term "domestic support obligation" is defined by the statute. The Bankruptcy Code provides:

> (14A) The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>    (A) owed to or recoverable by—
>        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>        (ii) a governmental unit;
>    (B) *in the nature of alimony, maintenance, or support* (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>        (i) a separation agreement, divorce decree, or property settlement agreement;
>        (ii) an order of a court of record; or
>        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or

---

domestic support obligations that, as of the date of the filing of the petition, are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. § 507(a)(1)(A) and (B).

responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) ( emphasis added). Hence, to be entitled to priority under § 507, the domestic support claim must actually be in the nature of maintenance or support of a spouse, former spouse, or child.

In addition to being accorded first priority status among unsecured debts, domestic support obligations are not dischargeable debts under 11 U.S.C. § 523(a)(5). In a case to determine the dischargeability of a debt under that subsection, the Court of Appeals for this circuit held that federal law, rather than state law, controls the issue of whether a domestic obligation is deemed actually in the nature of maintenance and support. *In re Strickland*, 90 F.3d 444, 446 (11th Cir. 1996). In *Strickland*, the court went on to hold that the debtor's former spouse's attorney's fees, which were incurred in a post-divorce child custody and support modification proceeding, were actually in the nature of spousal support and therefore, were not dischargeable. *Id.* at 447.

Similarly, the District Court for this district considered the issue of whether certain fees, this time those of a guardian ad litem incurred in a child custody dispute, were dischargeable under § 523(a)(5). *See Olszewski v. Joffrion (In re Joffrion)*, 240 B.R. 630 (M.D. Ala. 1999). The court found that the appointment of a guardian ad litem to represent the best interests of the child furthers the child's welfare and thus is in the nature of support for the child. *Id.* at 632 (citing *In re Miller*, 55 F.3d 1487, 1490 (10th Cir. 1995); *In re Dvorak*, 986 F.2d 940, 941 (5th Cir. 1993).

This court is convinced that genetic testing, done for the purpose of determining the debtors' paternity and therefore their obligation to pay child support, was done for the childrens' welfare. Thus, these costs are in the nature of maintenance and support of the children and are entitled to priority status under § 507(a)(1)(B). *See Lambdin v. Commonwealth of Kentucky (In re Lambdin)*, Case No. 97-60592, Adv. No. 97-6035 (Bankr. E.D. Ky. December 16, 1998)(holding that paternity testing costs are in the nature of child support).

Conclusion

For the foregoing reasons, the court finds that the debtors' objections to the claims of DHR are not well taken. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter overruling the debtors' objections to these claims.

Done this the 30th day of September, 2008.

                 /s/ Dwight H. Williams, Jr.
                 United States Bankruptcy Judge

c: Debtors
 Michael D. Brock, Debtors' Attorney
 Melanie G. Hinson, DHR's Attorney
 Curtis C. Reding, Chapter 13 Trustee